| | | |
|---|---|---|
| FASHION EXCHANGE (SHANGHAI) CULTURE COMPANY, LTD. | * | IN THE UNITED STATES |
| 3A Jia Dun Centre | * | DISTRICT COURT FOR THE |
| 889 Julu Road | | |
| Jingnan, Shanghai, 200085 | * | DISTRICT OF MARYLAND |
| People's Republic of China | | |
| | * | |
| *Plaintiff*, | | |
| | * | CASE NO.: _____ |
| v. | | |
| | * | |
| JOHN/JANE DOE | | |
| | * | |
| *Defendant*. | | |
| | * | JURY DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd. ("Suntchi"), hereby files this Complaint against Defendant John/Jane Doe ("Defendant"), and in support thereof states as follows:

### NATURE OF THE ACTION

1. This is an action for damages arising from intentional fraud, negligent misrepresentation, the violation of the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("FCFA"), and unjust enrichment, for Defendant's unauthorized and unlawful interception of funds transferred by Suntchi and intended for Alexander Wang, Inc. ("AWI").

### JURISDICTION AND VENUE

2. The exclusive jurisdiction of this Court exists pursuant to 28 U.S.C. § 1332(a)(2), since Suntchi is a corporation registered in the People's Republic of China ("PRC").

3. The jurisdiction of this court also exists based on the federal question pursuant to 28 U.S.C. § 1331, since this case involves federal questions.

4. The venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2), because Defendant committed the unlawful activities that are the subject of this Complaint in the District of Maryland.

**PARTIES**

5. Suntchi is a corporation organized and registered under the laws of the PRC.

6. Defendant is known to Suntchi only through "spoof" email addresses meant to appear as legitimate AWI corporate email accounts, through which Defendant fraudulently arranged for Suntchi to transfer funds into a Bank of America account (Account # ********3324) controlled by Defendant (the "BoA Account").

7. The wire routing information identifies the BoA Account as being opened in Baltimore, Maryland.

8. Suntchi believes that information obtained in discovery will lead to the identity of Defendant and will allow Suntchi to name Defendant by his or her proper name.

**FACTS**

9. Suntchi is a multi-national fashion, lifestyle, and entertainment company based in Shanghai. As part of its business activities, Suntchi collaborates with fashion labels across the world and provides a range of business solicitation and development services in the Chinese fashion market.

10. In July 2017, Suntchi commenced negotiations with AWI regarding a joint project between the two companies.

11. Suntchi and AWI came to a verbal understanding of the terms of such a project, in which Suntchi would pay AWI the sum of Two Million Dollars ($2,000,000) and AWI would engage Suntchi as its sole and exclusive agent in the PRC with respect to soliciting business with

third parties for design collaboration, sponsorship programs, brand crossovers, and other collaboration projects, and AWI would provide design services related to such projects (the "Collaboration").

12. According to the parties' understanding of the Collaboration, Suntchi was to send AWI an executed collaboration contract, which AWI was then to sign (the "Contract").

13. After receiving the signed contract from AWI, Suntchi was to wire AWI Two Million Dollars ($2,000,000) in two equal installments, subject to deductions due to applicable withholding taxes under PRC law.

14. Suntchi and AWI executed the Contract in November of 2018. *See* Ex. 1.

15. Starting on November 6, 2018, Defendant infiltrated the email exchanges between Suntchi and AWI using spoofed email addresses meant to resemble the corporate email addresses of Suntchi and AWI employees, as well as those of Suntchi's attorneys at the Zhong Lun Law Firm in Shanghai (collectively, the "Fake Email Addresses").

16. When Defendant received emails via the Fake Email Addresses, he was able to transmit them to the intended recipient when it behooved him to do so.

17. Defendant was also able to use the Fake Email Addresses to impersonate the employees whose emails were spoofed.

18. The email exchanges currently known to have been infiltrated by Defendant are as follows:

    (a) November 6, 2018 email from AWI to Suntchi.
    (b) November 8, 2018 email from Suntchi's counsel to AWI.
    (c) November 15, 2018 email from AWI to Suntchi and Suntchi's counsel.
    (d) November 15, 2018 email from Suntchi to AWI.
    (e) November 21, 2018 email from Defendant, impersonating AWI, to Suntchi.
    (f) November 28, 2018 email from Defendant, impersonating AWI, to Suntchi.

19. Through these manipulations, Defendant, impersonating various AWI employees, sent Suntchi and its attorneys two invoices, each for One Million Dollars ($1,000,000), along with wire transfer instructions to the BoA Account (the "Invoices").

20. On December 29, 2018, Suntchi wired Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40). *See* Ex. 2.

21. On February 4, 2019, AWI notified Suntchi that it had not received payment. *See* Ex. 3.

22. At this point, Suntchi and AWI determined that fraud had occurred in the course of the email exchanges between the two companies.

23. On February 21, 2019, Suntchi filed a criminal complaint with the Shanghai Police Department.

24. On March 4, 2019, AWI forwarded Suntchi a letter from BoA stating that there was no bank account at BoA opened under AWI's Taxpayer Identification Number ("TIN"). BoA did not disclose the identity of the holder of the BoA Account due to legal and policy concerns. *See* Ex. 4.

25. Suntchi has since been unable to determine the identity of Defendant and has filed a Motion to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference on BoA concurrent to this Complaint.

**COUNT ONE: INTENTIONAL FRAUD**

26. Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd. incorporates by reference all previous facts and allegations as if fully restated in this Count.

27. By sending emails from falsified addresses constructed to appear as originating from individuals at AWI, Suntchi, and Zhong Lun Law Firm, Defendant asserted false representations of material facts to Suntchi.

4

28. Defendant knew that the representations were false or made with such reckless disregard for the truth that knowledge of the falsity of the statements can be imputed to Defendant.

29. Defendant made the false representations for the purpose of defrauding Suntchi.

30. Plaintiff relied with justification upon Defendant's misrepresentations.

31. Defendant's misrepresentations were willful and malicious.

32. Plaintiff suffered damages amounting to Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40) as a direct result of the reliance upon Defendant's misrepresentations.

WHEREFORE, Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd., respectfully requests that this Court:

(1) Hold that Defendant's misrepresentations were willful, malicious, and intentionally fraudulent.

(2) Grant a judgement against Defendant for Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40) in compensatory damages, plus interest.

(3) Grant a judgement against Defendant for punitive damages.

(4) Hold Defendant responsible for the costs of these proceedings, and the attorney's fees accrued by Plaintiff.

(5) Grant such other and further relief as this Court deems appropriate.

### COUNT TWO: NEGLIGENT MISREPRESENTATION

33. Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd. incorporates by reference all previous facts and allegations as if fully restated in this Count.

34. Defendant, owing a duty of care to Suntchi, negligently asserted false statements to Suntchi via the emails he sent from falsified addresses constructed to appear as originating from individuals at AWI, Suntchi, and Zhong Lun Law Firm.

35. Defendant intended that these statements would be acted upon by Suntchi.

36. Defendant had knowledge that Suntchi would probably rely on these statements.

37. Suntchi did in fact rely on these statements, wiring Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40) to the BoA Account.

38. As a result of the wire transfer, Suntchi suffered damages proximately caused by Defendant's negligence.

WHEREFORE, Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd., respectfully requests that this Court:

(1) Hold that Defendant's misrepresentations were negligent.

(2) Grant a judgement against Defendant in excess of Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40) in compensatory damages, plus interest.

(3) Hold Defendant responsible for the costs of these proceedings, and the attorney's fees accrued by Plaintiff.

(4) Grant such other and further relief as this Court deems appropriate.

### COUNT THREE: FEDERAL COMPUTER FRAUD AND ABUSE ACT

39. Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd. incorporates by reference all previous facts and allegations as if fully restated in this Count.

40. The computers operated by Suntchi and AWI in the course of business are protected computers pursuant to 18 U.S.C. §1030(e)(2), since they are used in affecting foreign commerce and communication.

41. Defendant knowingly and intentionally accessed Suntchi and AWI's computer systems without authorization via the various Fake Email Addresses.

42. In the course of Defendant's unauthorized access, Defendant knowingly furthered intended fraud pursuant to 18 U.S.C. § 1030(a)(4) and obtained items of value in the form of the funds transferred to the Fraudulent BoA Account.

43. As a result of Defendant's unauthorized access, Suntchi experienced loss aggregating at least $5,000 pursuant to 18 U.S.C. § 1030(c)(4)(A)(i)(I).

WHEREFORE, Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd., respectfully requests that this Court:

(1) Hold that Defendant violated the Federal Computer Fraud and Abuse Act through the unauthorized accessing of Suntchi's and AWI's computer systems via the Fake Email Addresses.

(2) Grant a judgement against Defendant for Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40) in compensatory damages, plus interest.

(3) Hold Defendant responsible for the costs of these proceedings, and the attorney's fees accrued by Plaintiff.

(4) Grant such other and further relief as this Court deems appropriate.

## COUNT FOUR: UNJUST ENRICHMENT

44. Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd. incorporates by reference all previous facts and allegations as if fully restated in this Count.

45. In transferring Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40) to the BoA Account, Suntchi conferred a benefit upon Defendant.

46. Defendant appreciated and had knowledge of this benefit.

47. Defendant accepted this benefit under such circumstances as to make it inequitable for Defendant to retain it.

WHEREFORE, Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd., respectfully requests that this Court:

(1) Hold that Defendant was unjustly enriched by the transfer of funds to the Fake BoA Account.

(2) Grant a judgement against Defendant for Eight Hundred and Sixty-Four Thousand, One Hundred and Seventy-Seven Dollars and Forty Cents ($864,177.40) in compensatory damages, plus interest.

(3) Hold Defendant responsible for the costs of these proceedings, and the attorney's fees accrued by Plaintiff.

(4) Grant such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd. hereby demands a trial by jury on all issues triable by jury pursuant to Fed. R. Civ. P. § 38.

Respectfully submitted,

_/s/ Jan I. Berlage_
Jan I. Berlage (23937)
GOHN HANKEY & BERLAGE LLP
201 North Charles Street, Suite 2101
Baltimore, Maryland 21201
Tel.: (410) 752-1261
Fax.: (410) 752-2319
jberlage@ghsllp.com

*Attorney for Plaintiff Fashion Exchange (Shanghai) Culture Company, Ltd.*